STATE ex rel. BRENDEN, Respondent, v. SUSANKA, Appellant

(49 N. W.2d 297)

(File No. 9154.  Opinion filed October 2, 1951)

**Edward P. Gribbin** and **E. G. Brown**, Watertown, for Appellant.

**Loucks & Oviatt**, Watertown, for Respondent.

PER CURIAM. Defendant appeals from a judgment of the Circuit Court of Clark County rendered in an action instituted under the Uniform Illegitimacy Law. SDC 37.21. It is undisputed that the complaining witness gave birth to a child on April 16, 1949. According to her testimony, the child was begotten as the result of intercourse with the defendant on August 8, 1948. Defendant testified that there never was any illicit sexual relation between the complaining witness and himself, but admitted that he had been with her at that time. The case was submitted to a jury and a verdict was returned finding that defendant is the father of the child.

Defendant contends (1) that the evidence is insufficient to sustain the verdict, (2) that the court erred in giving instructions Nos. 5 and 6, and (3) that the court erred in overruling motion for new trial when it was revealed that a juror was a personal friend of the father of plaintiff's counsel.

We believe that the evidence is sufficient to sustain the verdict of the jury. Where evidence of paternity is conflicting, the question is ordinarily for the jury. There was ample medical evidence to sustain a finding that the probable time of conception was August 8, 1948. The complaining witness testified that the alleged act took place in the front seat of a Chevrolet Tudor coach. Defendant asserts the physical impossibility of the accomplishment of the act of intercourse under these circumstances. This presented a plain issue of fact for the jury.

Defendant asserts error in the giving of instructions. Defendant complains that the court charged the jury that the testimony of doctors to the effect that a normal child born on April 16, 1949, could have been conceived on

August 8, 1948, could be considered with all the other facts and circumstances in the case in arriving at a verdict, but the jurors were not told in the instruction that if the gestation period was less than 280 days, then there must be testimony to the effect that the child was premature and if there was no evidence to that effect, then the verdict must be for defendant. The complaining witness testified that her last menstruation was July 15 preceding the alleged intercourse. The medical evidence is that computing from the menstrual period preceding conception the date of birth was only 6 days removed from the average period and within the normal variation. The lack of evidence of the physical aspects of the child at birth is not important. The record did not require a specific reference thereto in the instruction.

We find no error in the court's instruction on the burden of proof and in refusing to give defendant's requested instruction thereon.

It is claimed that when the jury was being examined a juror was asked whether there was any reason why he could not render a fair and impartial verdict, to which he answered negatively. The fact that this juror was a personal friend of counsel's father is not proof that he answered falsely on the voir dire, and was prejudiced against the defendant.

The judgment is affirmed.

All the Judges concur.